UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVERETT,<br><br>             Plaintiff,<br><br>     v.<br><br>M. BLACK.,<br><br>             Defendant. | Case No. 1:16-cv-01285-AWI-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has declined Magistrate Judge jurisdiction. (ECF No. 7.) No other parties have appeared.

Plaintiff initiated this action on August 30, 2016 against Defendant M. Black. (ECF No. 1.) His complaint is before the Court for screening.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.  Plaintiff's Allegations

Plaintiff is currently incarcerated at Ironwood State Prison in Blythe, California, however he complains of acts that took place at Pleasant Valley State Prison ("PVSP") in Coalinga, California. He sues Defendant M. Black, Investigative Services Unit ("ISU") Officer. Plaintiff's claims stem from a 2008 Rules Violation Report accusing Plaintiff of

conspiring to distribute a controlled substance. His claims are summarized as follows:

In April 2008, Defendant falsely accused Plaintiff of conspiring to distribute 26.4 grams of heroin. Plaintiff alleges that Defendant procured the heroin 350 miles outside of PVSP, in Elk Grove, California, and brought it into the prison for the purpose of falsely accusing Plaintiff.

As a result of the accusation, Plaintiff was issued a Rules Violation Report ("RVR") and placed in the administrative segregation unit ("ad-seg"). Plaintiff was not found guilty of a rule violation until March 10, 2009, after he had already spent eleven months in ad-seg. Plaintiff claims that the procedures he was afforded leading up to and during his RVR hearing were deficient because Defendant intentionally falsified statements and evidence against Plaintiff, and in any case, the evidence presented was insufficient to find Plaintiff guilty. Plaintiff appears to imply that his wrongful detention pursuant to this guilty finding constituted cruel and unusual punishment because he suffered shame, humiliation, and related harm. Plaintiff seeks declaratory judgment and compensatory and punitive damages

**IV.     Discussion**

A.     **Plaintiff's Claims are Barred b**

On April 11, 2012, Plaintiff filed a § 1983 lawsuit in this district regarding the same false disciplinary charges filed by the same Defendant. See Everett v. Brazelton, Case No. 1:12-cv-00680-BAM (Everett I).[1] (See Order Dismissing Case, Everett I, No. 1:12-cv-00680-BAM (E.D. Cal. Jan. 28, 2016) ECF No. 31.) In that case, Plaintiff alleged that he lost good time credit because of Defendant's actions, and he sought an order vacating his guilty finding and restoring the lost credit. (Id. at 3.)  The court dismissed Plaintiff's case as barred by Heck v. Humphrey, 512 U.S. 477 (1994), which states that a claim cannot be brought pursuant to § 1983 if success on the claim would necessarily imply the invalidity of an inmate's conviction or sentence. (Id. at 5.)

---

[1] The Court may take judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Plaintiff sought reconsideration of the Court's dismissal, arguing that his suit challenged only the validity of his disciplinary proceedings, not the result, and was thus cognizable under § 1983. (Mot. for Recon., Everett I, No. 1:12-cv-00680-BAM (E.D. Cal. Mar. 11, 2016) ECF No. 33.) In an order denying Plaintiff's motion for reconsideration, the Court reaffirmed its finding that the suit was Heck-barred, and furthermore found that Plaintiff's factual allegations failed to state a claim under § 1983. (Order Den. Mot. for Recon., Everett I, No. 1:12-cv-00680-BAM (E.D. Cal. Dec. 15, 2016) ECF No. 34.) Plaintiff's instant filing restates the facts of Everett I, with the addition of a plea for monetary relief and without mention of his good time credit loss.

However, the instant is barred by the doctrine of *res judicata*. The doctrine of *res judicata*, or claim preclusion, bars litigation of claims that were or could have been raised in a prior action, Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2010)).

In deciding whether there is an identity of claims, courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" Harris, 682 F.3d at 1132 (quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion - the same transactional nucleus of facts - is the most important." Liquidators of European Fed. Credit Bank, 630 F.3d at 1151.

Here, there is an identity of claims. Both cases involve the same factual allegations and would proceed on the same potential evidence. In each case, Plaintiff sought or seeks a determination that his disciplinary proceedings were constitutionally deficient. The only difference between the cases is that Plaintiff here omits a particular

item of relief he sought previously.[2]  It appears Plaintiff does so in hopes of proceeding on the merits of his claims under § 1983.

However, the Court in Everett I already found Plaintiff's claims under § 1983 were not cognizable. (Order Den. Mot. for Recon. at 4) ("More importantly, Plaintiff has not stated any cognizable claim under § 1983, despite being informed of the deficiencies of his claims and being granted leave to amend.") To consider providing any relief for Plaintiff's claims here, even if less than what he sought previously, would require re-litigation of exactly the same facts and law litigated and finally resolved in Plaintiff's previous case. There is nothing about the change in relief sought that would impact the outcome of the factual and legal determinations made previously or produce a different result; to the extent Plaintiff wishes to challenge the prior judgment, the proper course would have been to appeal that ruling. Plaintiff's instant complaint will therefore be dismissed.

**V.    Conclusion**

Plaintiff's complaint will be dismissed as barred by the doctrine of *res judicata*. Plaintiff will be given an opportunity to amend, if he believes, in good faith, his claim is not barred. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under § 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

---

[2] The Court acknowledges that the instant case includes an allegation that the shame and humiliation Plaintiff suffered as a result of his guilty finding and detention may have constituted cruel and unusual punishment, an allegation that was not put forth in Everett I. However, as this claim arose out of the same "transactional nucleus of facts" as Everett I, Liquidators of European Fed. Credit Bank, 630 F.3d at 1151, it could and should have been asserted there. Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998).

a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed August 30, 2016;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;
4. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to obey a court order, subject to the three strikes provision of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   January 16, 2017          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE