UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RONALD EVERETT, | Case No. 1:16-cv-01285-AWI-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | **(ECF No. 16)** |
| M. BLACK., | **FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITH PREJUDICE** |
| Defendant. | **(ECF No. 17)** |
| | **FOURTEEN DAY OBJECTION DEADLINE** |

### I. Procedural History

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has declined Magistrate Judge jurisdiction. (ECF No. 7.) No other parties have appeared.

Plaintiff initiated this action on August 30, 2016 against Defendant M. Black. (ECF No. 1.) On January 17, 2017, the Court dismissed Plaintiff's civil rights complaint on the grounds that his claims appeared to be precluded by an earlier filed suit, Everett v. Brazelton, Case No. 1:12-cv-00680-BAM ("Everett I"). (ECF No. 9.) Plaintiff was given leave to file an amended complaint if he believed his claims were not so barred.

Plaintiff requested and was granted two extensions of time to file his amended

complaint. On April 19, 2017, the Court denied Plaintiff's third request for an extension and directed Plaintiff to file his amended complaint within fourteen days of the Court's order. (ECF No. 15.) More than fourteen days passed without Plaintiff filing an amended complaint.  Accordingly, on May 8, 2017 the Court issued an order to show cause why Plaintiff's case should not be dismissed for failure to obey a Court order. (ECF No. 16.) On that same date, Plaintiff's first amended complaint was filed with the Court. (ECF No. 17.) For the reasons set forth below, the Court will accept and review the belatedly filed amended complaint, but  recommend its dismissal with prejudice.

**II.     Order to Show Cause**

Having received Plaintiff's amended complaint, the Court will discharge the Order to Show Cause issued on May 8, 2017 and proceed to screen the amended pleading.

**III.    Plaintiff's Claims Precluded by Everett I**

Plaintiff's factual allegations remain unchanged. As summarized in the Court's first screening order, Plaintiff complains of acts that took place at Pleasant Valley State Prison ("PVSP") in Coalinga, California. He sues Defendant M. Black, Investigative Services Unit ("ISU") Officer, for violating his procedural and substantive due process rights.

Plaintiff's claims stem from a 2008 Rules Violation Report issued by Defendant Black accusing Plaintiff of conspiring to distribute a controlled substance. As a result of the accusation, Plaintiff was placed in the administrative segregation unit and eventually found guilty of the charge. Plaintiff claims that the procedures he was afforded leading up to and during his RVR hearing were deficient because Defendant intentionally falsified statements and evidence against Plaintiff, and in any case, the evidence presented was insufficient to find Plaintiff guilty. Plaintiff seeks to have his guilty finding expunged from his record, as well as compensatory and punitive damages.

These facts are identical to the facts underlying Everett I. Plaintiff filed Everett I pursuant to § 1983 on April 11, 2012, complaining about the same false disciplinary charges filed by the same Defendant. See Everett v. Brazelton, Case No. 1:12-cv-

00680-BAM.[1] (See Order Dismissing Case, Everett I, No. 1:12-cv-00680-BAM (E.D. Cal. Jan. 28, 2016) ECF No. 31.) In that case, Plaintiff alleged that he lost good time credit because of Defendant's actions, and he sought an order vacating his guilty finding and restoring the lost credit. (Id. at 3.) The court dismissed Plaintiff's case as barred by Heck v. Humphrey, 512 U.S. 477 (1994), which states that a claim cannot be brought pursuant to § 1983 if success on the claim would necessarily imply the invalidity of an inmate's conviction or sentence. (Id. at 5.) Plaintiff sought reconsideration of the Court's dismissal, arguing that his suit his suit challenged only the validity of his disciplinary proceedings, not the result, and was thus cognizable under § 1983. (Mot. for Recon., Everett I, No. 1:12-cv-00680-BAM (E.D. Cal. Mar. 11, 2016) ECF No. 33.) In an order denying Plaintiff's motion for reconsideration, the Court reaffirmed its finding that the suit was Heck-barred, and furthermore found that Plaintiff's factual allegations failed to state a claim under § 1983. (Order Den. Mot. for Recon., Everett I, No. 1:12-cv-00680-BAM (E.D. Cal. Dec. 15, 2016) ECF No. 34.) Plaintiff's instant filing restates the facts of Everett I, with the addition of a plea for monetary relief and without mention of his good time credits.

As noted in the Court's first screening order, instant case is barred by the doctrine of *res judicata*. The doctrine of *res judicata*, or claim preclusion, bars litigation of claims that were or could have been raised in a prior action, Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2010)).

In deciding whether there is an identity of claims, courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement

---

[1] The Court may take judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" Harris, 682 F.3d at 1132 (quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion - the same transactional nucleus of facts - is the most important." Liquidators of European Fed. Credit Bank, 630 F.3d at 1151.

Here, there is an identity of claims. Both cases involve the same factual allegations and would proceed on the same potential evidence. In each case, Plaintiff sought or seeks a determination that his disciplinary proceedings were constitutionally deficient. The only difference between the cases is that Plaintiff here omits a particular item of relief he sought previously. It appears Plaintiff does so in hopes of proceeding on the merits of his claims under § 1983.

However, the Court in Everett I already found Plaintiff's claims under § 1983 were not cognizable. (Order Den. Mot. for Recon. at 4) ("More importantly, Plaintiff has not stated any cognizable claim under § 1983, despite being informed of the deficiencies of his claims and being granted leave to amend.") To consider providing any relief for Plaintiff's claims here, even if less than what he sought previously, would require re-litigation of exactly the same facts and law litigated and finally resolved in Plaintiff's previous case. There is nothing about the change in relief sought that would impact the outcome of the factual and legal determinations made previously or produce a different result; to the extent Plaintiff wishes to challenge the prior judgment, the proper course would have been to appeal that ruling. Plaintiff's instant complaint should therefore be dismissed without further leave to amend.

**IV. Conclusion**

Accordingly, it is HEREBY ORDERED that:

1. The Order to Show Cause issued on May 8, 2017 (ECF No. 16) is DISCHARGED; and

IT IS HEREBY RECOMMENDED THAT:

2. This case be DISMISSED as precluded by Everett I.

These Findings and Recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 11, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE